UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Robert C. Lopez,<br><br>           Plaintiff,<br><br>vs.<br><br>Lance Maningo, et al.,<br><br>           Defendants. | Case No. 2:21-cv-00940-ART-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 4) AND COMPLAINT (ECF NO. 1-1) |

Judge Koppe previously denied pro se plaintiff application to proceed in forma pauperis (IFP) because it was incomplete. ECF No. 3. Plaintiff filed a new application to proceed IFP and Judge Koppe recused herself. ECF Nos. 4 and 5. This case was reassigned to me. ECF No. 6. I grant plaintiff's updated application to proceed in forma pauperis. ECF No. 4. I dismiss his complaint without prejudice. ECF No. 1-1.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

### I.     Whether Plaintiff May Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to

pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Castaneda v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Plaintiff submitted a new application with his financial certificate. ECF No. 5. Plaintiff has no money in his account. *Id.* I grant plaintiff's IFP application.

II.     **Whether Plaintiff's Complaint States a Plausible Claim**

   a. **Legal Standard**

Since I grant plaintiff's IFP application, I review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Complaint

Plaintiff alleges in his complaint that he has been incarcerated since October 2020 for assault with a deadly weapon in a domestic violence situation. ECF No. 1-1. Plaintiff alleges that his incarceration violates the Sixth Amendment right to a speedy trial. *Id.* at 4. Plaintiff appears to sue his attorney Lance Maningo, District Attorneys Melanie Scheible and Steve Wolfson (spelled incorrectly), Judge Cristina Silva, and Sheriff Joe Lombardo. It appears that plaintiff may have been released since he filed this case, given that the Clerk's notice regarding the reassignment of this case has been returned as undeliverable. ECF No. 8.

There are several issues with plaintiff's complaint, which I analyze below.

### i. The *Younger* Doctrine and *Heck*

The United States Supreme Court has found that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions, even if the civil litigant alleges violations of his constitutional rights. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Pursuant to the Younger abstention doctrine federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). "Younger principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer – not to dismiss – when damages are at issue." *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004). The United States Supreme Court has

specifically addressed false arrest claims finding that, "[i]f a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Once the state proceeding has run its course, the Court can decide whether the damages action should proceed. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, [*Heck v. Humphrey*, 512 U.S. 477, (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

When plaintiff drafted his complaint, it appears that his charges were ongoing given that he claimed the defendants violated his right to a speedy trial. Pursuant to *Younger* and *Wallace*, analyzed above, this Court must stay this case pending notice from the plaintiff that his criminal proceedings are completed. See *Younger*, 401 U.S. at 44 and *Wallace*, U.S. at 394. However, since it appears that plaintiff has been released, I will move on to the next issue.

If plaintiff has not been released, and he is not convicted, or if his conviction is overturned on appeal, then he must show that he has standing to bring a § 1983 claim to challenge the alleged unlawful events that led to his current confinement. Plaintiff's claims challenge the validity of his confinement due to lack of due process and probable cause. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that Plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action.

While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-487.  Plaintiff gives no indication in his complaint that his conviction has been challenged or overturned by any court.

### ii.  The Defendants

Judges are entitled to absolute judicial immunity for acts performed in their official capacity. See *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" *Id*. (citations omitted) "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, ... or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Id*. (citations omitted). "Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error.'" *Id.* (citation omitted). "'The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.'" *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).

District Attorneys are also immune from suit in this case. Prosecutors are entitled to immunity from Section 1983 suits "when [they] act within the scope of [their] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976).  Although public defenders (or appointed counsel) are not entitled to immunity, it is well-established that a public defender is not a person who acts "under color of law" within the meaning of § 1983, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). When a public defender is "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a § 1983 claim does not lie. *Id.* A defendant cannot be held liable under § 1983 solely based on supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58, 98 S. Ct. 2018, 56 L. Ed. 2d

611 (1978). "Because vicarious liability is inapplicable to ... § 1983 suits, [plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676; see also *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff's must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim).

Plaintiff's claim against Judge Silva, apparently the Judge presiding over his case, should be dismissed as she is entitled to absolute judicial immunity because plaintiff's allegations concern actions undertaken in the judicial process. Similarly, plaintiff's claims against the district attorney and prosecutor prosecuting his case and his appointed counsel cannot be liable here because the prosecutor is immune and the appointed counsel was performing a lawyer's traditional functions. The plaintiff has not alleged any overt acts taken by the district attorney and the sheriff, so his claims against these defendants must be dismissed as well.

Plaintiff fails to articulate a claim or claims against any defendant. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining how this Court has jurisdiction over the defendants, the circumstances of the case, the relief plaintiff seeks, and the law upon which he relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

ACCORDINGLY,

I ORDER that plaintiff Lopez's application to proceed in forma pauperis (ECF No. 4) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT

6

PREJUDICE.

I FURTHER ORDER that plaintiff has until Monday, March 27, 2023, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon

the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 23rd day of February 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE